

STATE OF MAINE
PENOBSCOT, ss.

PENOBSCOT COUNTY
SUPERIOR COURT
DOCKET NO.

KATLYN N. BAILEY,                    )
                                     )
                                     )
            PLAINTIFF                )
                                     )
        V.                           )
                                     )
NATIONAL GENERAL INSURANCE           )        COMPLAINT
COMPANY,                             )        (REAL ESTATE)
                                     )
and                                  )
                                     )
INTEGON NATIONAL INSURANCE           )
COMPANY,                             )
                                     )
            DEFENDANT S              )

SERVE

NOW COMES the Plaintiff, Katlyn N. Bailey, by and through her attorney, Patrick E. Hunt, Esq., of Patrick E. Hunt, P.A., and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to the provisions of Title 14, Maine Revised Statutes Annotated, Section 704-A because:

    A. It is a civil action; and

    B. It is an action involving causes of action occurring within the State of Maine.

## VENUE

2. Venue is proper in Penobscot County Superior Court pursuant to the provisions of Title14, Maine Revised Statutes Annotated, Section 501 because the causes of action arose in Penobscot County, and State of Maine.

1

## INTRODUCTORY STATEMENT

3. The Plaintiff, Katlyn N. Bailey, (hereinafter, Bailey) is a natural person, and has a mailing address of 527 Penobscot Avenue, Apartment 1, Millinocket, County of Penobscot, and State of Maine 04462.

4. The Defendant, National General Insurance Company, (hereinafter, National) is a licensed insurance company, duly organized and existing under the laws of the State of Maine, is and was at all times herein mentioned, a business organization engaged in business as an insurer pursuant to the general insurance laws of the State of Maine, and having a mailing address of Corporation Service Company, 45 Memorial Circle, Augusta, County of Kennebec, and State of Maine 04330.

5. The Defendant, Integon National Insurance Company (hereinafter Integon) is an underwriter for National, a licensed insurance company, duly organized and existing under the laws of the State of Maine, and is and was at all times herein mentioned, a business organization engaged in business as an underwriter pursuant to the general insurance laws of the State of Maine, and having a mailing address of Corporation Service Company, 45 Memorial Circle, Augusta, County of Kennebec, and State of Maine 04330.

6. Katlyn Bailey owns the real estate, described in the Quitclaim Deed with Covenant of Ella M. Waltz to Katlyn N. Bailey, dated November 23, 2020, and recorded in Book 15800, Page 81, at the Penobscot County Registry of Deeds in Bangor, Maine (a copy of which is attached hereto, is incorporated by reference, and is identified as Plaintiff's Exhibit #1).

7. Said real estate was subject to a Mortgage from Katlyn N. Bailey to the Katahdin Federal Credit Union, dated November 23, 2020, and recorded in Book 15800, Page 102, at said registry.

8. Said Mortgage has been paid in full.

9. Prior to February 4, 2023, Bailey applied for a Homeowners Policy from National.

10. Prior to February 4, 2023, National issued a Homeowners Policy to Katlyn (a copy of which is attached hereto, is incorporated by reference, and is identified as Plaintiff's Exhibit #2).

11. Said Policy describes the Underwritten as being Integon.

12. Title 24-A, Maine Revised Statutes Annotated, Section 2164-D states in part:

> **"1. Definition.** As used in this section, "insurer" means any person, reciprocal exchange, Lloyd's insurer, fraternal benefit society and any other legal entity engaged in the business of insurance, including, but not limited to, producers, adjusters and 3rd-party administrators. "Insurer"

2

also means nonprofit hospital or medical service organizations, as described in Title 24, section 2301."

**"2. Prohibited activities.** It is an unfair claims practice for any domestic, foreign, or alien insurer transacting business in this State to commit any act under subsection 3 if:"

> "A. It is committed in conscious disregard of this section and any rules adopted under this section; or"

> "B. It has been committed with such frequency as to indicate a general business practice to engage in that type of conduct."

**"3. Unfair practices.** Any of the following acts by an insurer, if committed in violation of subsection 2, constitutes an unfair claims practice:"

> "A. Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions related to coverages at issue."

> "B. Failing to acknowledge with reasonable promptness pertinent written communications with respect to claims arising under its policies;"

> "C. Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies."

> "D. Failing to develop and maintain documented claim files supporting decisions made regarding liability;"

> "E. Refusing to pay claims without conducting a reasonable investigation."

> "F. Failing to affirm coverage or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim;"

> "I. Unreasonably delaying the investigation or payment of claims by requiring both a formal proof

3

of loss and subsequent verification when subsequent verification would result in duplication of information appearing in the formal proof of loss;"

"J. Failing, in the case of claims denials or offers of compromise settlement, to promptly provide an accurate written explanation of the basis for those actions;"

"**5. Resolution of claims.** It is an unfair claims practice for any domestic, foreign or alien insurer transacting business in this State to fail to deal with insureds in good faith to resolve claims made against policies of insureds without just cause and with such frequency as to indicate a general business practice."

"**6. Chapter 56-A.** The superintendent shall ensure that the provisions of chapter 56-A and any rules adopted pursuant to that chapter are enforced consistent with this section."

13. At all times mentioned herein, National and Integon violated subsections (A)(B)(C)(E)(F)(I)(J).

14. Title 24-A, Maine Revised Statutes Annotated, Section 2436-A states in part:

"**1. Civil actions.** A person injured by any of the following actions taken by that person's own insurer may bring a civil action and recover damages, together with costs and disbursements, reasonable attorney's fees and interest on damages at the rate of 1 1/2% per month:"

"A. Knowingly misrepresenting to an insured pertinent facts or policy provisions relating to coverage at issue;"

"B. Failing to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by the insurer of a claim by an insured arising under a policy;"

"D. Failing to affirm or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim; or"

"E. Without just cause, failing to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear."

PATRICK E. HUNT, P.A. – Attorney at Law
P.O. Box 130 – Island Falls, Maine 04747 – TEL.. (207) 463-2285 or (207) 463-2939– FAX (207) 463-2226 – Email:
pat@patrickehuntpa.com

"**2. Without just cause.** For the purposes of this section, an insurer acts without just cause if it refuses to settle claims without a reasonable basis to contest liability, the amount of any damages or the extent of any injuries claimed."

"**3. No limitation on other cause of action.** Nothing in this section prohibits any other claim or cause of action a person has against an insurer."

15. Thereafter, and while the said policy of insurance was still in full force and effect, Bailey, incurred damages because of a fire, which occurred on November 10, 2023, in the approximate amount of $342,038.77, and covered by said policy for the following items:

   i.   Full amount of insurance applicable to the property for which claim is presented to... $450,457.00
   ii.  Replacement cost of damage building structures............................................$170,637.94
   iii. Replacement cost of personal property insured...............................................$159,400.83
   iv.  Loss of Use........................................................................................$ 12,000.00
   v.   Supplemental claim for the payoff on the mortgage (paid)...............................$ -0-
   vi.  Total Sum of lines 2 through 4..................................................................$342,038.77
   vii. Interest from the date of loss 11/10/23 through 9/18/2025 678 days @1 1/2%.............$114,309.36
   viii. Total amount of claim, line vi and vii .......................................................$456,348.13
   ix.  Less Deductibles..................................................................................$   1,000.00
   x.   Net Amount Claimed under above numbered policy is.......................................$455,348.13

16. Said total does not include any partial or advance payments made by National and Intogen.

17. Thereafter, Bailey properly notified Integon and National of said losses, but National and Integon have refused to pay for said losses, and continue to refuse to pay for said losses.

18. Bailey has fully complied with each, and every term, condition, and provision of said insurance policy.

19. On or about November 6, 2024, Katlyn Bailey, retained Patrick E. Hunt, Esq., to represent her in this cause of action.

20. A Notice of Claim was mailed to National on November 6, 2024, (a copy of which is attached hereto, is incorporated by reference, and is identified as Plaintiffs' Exhibit #3).

21. National ignored said claim.

22. On January 10, 2025, a second Notice of Claim was mailed to National (a copy of which is attached hereto, is incorporated by reference, and is identified as Plaintiffs' Exhibit #4).

23. Based upon information and belief:

   a.   Integon National Insurance Company was founded in 1987, as subsidiary of National General Management

5

Corp.

    b.  Integon is marketed under different names, one of which includes National General Insurance Company.

    c.  The previous owner was part of National General Insurance, prior to 2021.

    d.  Historically, Integon was a subsidiary of National General Management Corp., which was itself a subsidiary of National General Holding Corporation.

    e.  The current owner of Integon National Insurance Company is a subsidiary of Allstate Insurance Group, and which was acquired in 2021.

24. According to the Millinocket Fire Department, fire was the cause of the incident.

25. The Millinocket Fire Department also determined no fault on behalf of Bailey.

26. Based upon an inspection conducted by Maine Public Adjuster, Martin McDonough (hereinafter Adjuster), Bailey is entitled to the damages described in Paragraph #15.

27. On June 24, 2025, Bailey provided National with 101 pages of handwritten inventory regarding her losses.

28. National and Integon have refused to compensate Bailey for said losses in full.

29. Said policy was in full force and effect and was obligatory at the time of the above-mentioned loss.

30. National and Integon have breached the terms of said policy.

31. Bailey is entitled to damages for said breach.

**COUNT I**
**(BREACH OF CONTRACT)**

32. All prior responsive pleadings are incorporated herein.

      Wherefore, Bailey, requests that this honorable Court grant her Judgment against National and Integon, Jointly and Severally, for:

6

A. Her damages such as are reasonable in the premises.

B. Her costs of this action.

C. Her attorney's fees and interest pursuant to the provisions of Title 24-A, Maine Revised Statutes Annotated, Section 2436(3)(4).

D. Her costs for professional services.

E. Her incidental and consequential damages, such as are reasonable in the premises.

F. Whatever further relief the Court may deem just and necessary.

## COUNT II
### (UNFAIR CLAIMS PRACTICES)
### Title 24-A, Maine Revised Statutes Annotated, § 2164-D

33. All prior responsive pleadings are incorporated herein.

Wherefore, Bailey, requests that this honorable Court grant her Judgment against National and Integon, Jointly and Severally, for:

a. Her damages such as are reasonable in the premises.

b. Her costs of this action.

c. Her attorney's fees and interest pursuant to the provisions of Title 24-A, Maine Revised Statutes Annotated, Section 2436(3)(4).

d. Her costs for professional services.

e. Her incidental and consequential damages, such as are reasonable in the premises.

f. Whatever further relief the Court may deem just and necessary.

## COUNT III
### (UNFAIR CLAIMS SETTLEMENT PRACTICES)
### Title 24-A, Maine Revised Statutes Annotated, § 2436-A

34. All prior responsive pleadings are incorporated herein.

7

35. National and Integon have violated the provisions of Title 24-A, Maine Revised Statutes Annotated, Section 2436-A as:

> "A. National and Integon have knowingly misrepresented to Bailey pertinent facts of said policy provisions relating to coverage at issue."

> "B. National and Integon have knowingly failed to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by Bailey of a claim by an insured arising under a policy."

> "C. National and Integon have knowingly failed to affirm coverage, reserving any appropriate defenses, or deny coverage within a reasonable time."

> "D. National and Integon have failed without just cause to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear."

36. Bailey is entitled to recover interest thereon from November 10, 2023, the date of said loss, at the rate of 1.5% per month after the due date, and her attorney's fees, pursuant to the provisions of Title 24-A, Maine Revised Statutes Annotated, Section 2436(3)(4).

Wherefore, Bailey, requests that this honorable Court grant her Judgment against National and Integon, Jointly and Severally, for:

> A. Her damages such as are reasonable in the premises.

> B. Her costs of this action.

> C. Her attorney's fees and interest pursuant to the provisions of Title 24-A, Maine Revised Statutes Annotated, Section 2436(3)(4).

> D. Her costs for professional services.

> E. Her incidental and consequential damages, such as are reasonable in the premises.

> F. Whatever further relief the Court may deem just and necessary.

## COUNT IV

PATRICK E. HUNT, P.A. – Attorney at Law
P.O. Box 130 – Island Falls, Maine 04747 – TEL. (207) 463-3285 or (207) 463-2939 – FAX (207) 463-2226 – Email:
pat@patrickehuntpa.com

**(DECLARATORY JUDGMENT ACTIONS INVOLVING INSURANCE POLICIES)**
Title 24-A, Maine Revised Statutes Annotated, Section 2436-B

37. All prior responsive pleadings are incorporated herein.

Wherefore, Bailey requests that this Honorable Court grant her Judgment against National and Integon, Jointly and Severally, for damages in the amount of:

A. Her interest in the amount of 1.5% per month after the due date, pursuant to the provisions of Title 24-A, Maine Revised Statutes Annotated, Section 2436(3).

B. Her attorney fees, pursuant to the provisions of Title 24-A, Maine Revised Statutes Annotated, Section 2436(4).

C. Her costs for professional services:          Such as are reasonable in the premises.

D. Whatever other relief the Court          Such as are reasonable in the premises.
may deem just and necessary:

**COUNT V**
**(MAINE UNFAIR TRADE PRACTICES ACT)**
Title 5, Maine Revised Statutes Annotated, § 205-A

38. All prior responsive pleadings are incorporated herein.

39. National and Integon have violated the Maine Unfair Trade Practices Act, Title 5, Maine Revised Statutes Annotated, Section 206(3), and which states:

> **"Trade and commerce.** "Trade" and "commerce" shall include the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value, wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State."

40. Title 5, Maine Revised Statutes Annotated, Section 207 states in part:

> **Unlawful acts and conduct:** Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

9

PATRICK E. HUNT, P.A. – Attorney at Law
P.O. Box 130 – Island Falls, Maine 04747 – TEL. (207) 463-2285 or (207) 463-2939– FAX (207) 463-2226 – Email:
pat@patrickehuntpa.com

41. National and Integon have engaged in unlawful acts and conduct, as defined by the provisions of Title 5, Maine Revised Statutes Annotated, Section 207.

42. Title 5, Maine Revised Statutes Annotated, Section 213(1) states:

> **1. Court action.** Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 may bring an action either in the Superior Court or District Court for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper. There is a right to trial by jury in any action brought in Superior Court under this section.

43. Bailey is entitled to her actual damages, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(1); and

44. Bailey is entitled to restitution, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(1); and

45. Bailey is entitled to her attorney's fees, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(2); and

46. Bailey is entitled to her costs, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(2).

47. Bailey has complied with the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(1-A).

48. Pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(3), the Clerk of Courts of the Penobscot County Superior Court is required to provide a copy of this Pleading to the Attorney General of the State of Maine.

49. Title 24-A, Maine Revised Statutes Annotated, Section 2164-D (6) states:

> "**6. Chapter 56-A.** The superintendent shall ensure that the provisions of chapter 56-A and any rules

10

adopted pursuant to that chapter are enforced consistent with this section."

WHEREFORE, Bailey, prays that this honorable Court grant her Judgment against National and Integon, Jointly and Severally, for:

A. Actual damages:                          As authorized by Title 5, Maine
                                            Revised Statutes Annotated,
                                            Section 213(1)

B. Restitution:                             As authorized by Title 5, Maine
                                            Revised Statutes Annotated,
                                            Section 213(1)

C. Her attorney's fees:                     As authorized by Title 5, Maine
                                            Revised Statutes Annotated,
                                            Section 213(2)

D. Her costs:                               As authorized by Title 5, Maine
                                            Revised Statutes Annotated,
                                            Section 213(2)

E. Whatever other relief the                Such as are reasonable in the
   Court may deem just and                  premises.
   necessary:

DATED at Island Falls, Maine, this 10th day of October, 2025.

_____
Patrick E. Hunt, Esq.
Patrick E. Hunt, P.A.
7 Sherman Street
Post Office Box 130
Island Falls, Maine 04747
(207) 463-2285
(207) 463-2939
Email: pat@patrickehuntpa.com
Maine Bar #2707

11

Attorney for Katlyn Bailey

12

PLAINTIFF'S
EXHIBIT
*1*

Blumberg No. 5113

Bk 15800 Pg81 #3935
11-23-2020 @ 03:58p

## QUITCLAIM DEED WITH COVENANT

ELLA M. WALTZ, with a mailing address of 10 River Street, Millinocket, ME 04462, for consideration paid, hereby grants to KATLYN N. BAILEY, with a mailing address of 11 Ash Street, Millinocket, ME 04462, with QUITCLAIM COVENANT, the following described real estate, to wit:

A certain lot or parcel of land, together with any improvements thereon, situated in MILLINOCKET, Penobscot County, State of Maine, and being more particularly described as follows, to wit:

Being Lot Numbered Two (2), in Block Numbered Seventy-eight (78), as laid down on a Plan of Land of Great Northern Paper Company at said Millinocket, in the County of Penobscot and State of Maine, and recorded in Penobscot County Registry of Deeds in Plan Book No. 16, Page 22, August 30, 1949.

EXCEPTING, HOWEVER, a certain part of said Lot Numbered Two (2) in Block Numbered Seventy-eight (78), conveyed by Leon Monteith and Yvette Monteith to Thomas J. Monteith and Ann D. Monteith, quit-claim deed recorded in Penobscot County Registry of Deeds, May 21, 1970, Book 2185, Page 760, described as follows: Beginning at the southwesterly corner of said Lot Numbered Two (2) and continuing thence in an easterly direction, along the lot line, a distance of seventy (70) feet to the southeasterly corner of said lot; thence in a northerly direction, along the lot line, a distance of fifty-five (55) feet, to an iron post in the ground on the lot line; thence, at a right angle, in a westerly direction, and on a line parallel to the first described bound, a distance of seventy (70) feet, to an iron stake in the ground on the lot line at Ash Street; thence in a southerly direction, along the lot line, and along the boundary of Ash Street, a distance of fifty-five (55) feet to the point of beginning. Meaning and intending the southerly one-half of said Lot Numbered Two (2).

This conveyance is made subject to the conditions, restrictions, covenants and reservations set forth in the deed from Great Northern Paper Company to Leon Monteith and Yvette Monteith, dated March 3, 1953, and recorded in the Penobscot Registry of Deeds in Book 1372, Page 20.

For grantors' source of title, see deed of United States of American, acting through the Rural Housing Service f/k/a the Farmers Home Administration to Wesley Waltz dated March 25, 1998, recorded in said Registry of Deeds in Book 6636, Page 265 as amended by the deed of United States of America, USDA, Rural Development, acting through the Rural Housing Service f/k/a the Farmers Home Administration to Wesley Waltz and Ella Waltz, as Joint Tenants, dated January 27, 2003, and recorded in said Registry of Deeds in Book 8590, Page 334. The said Wesley Waltz, a/k/a Wilmont W. Waltz, Jr., died on May 2, 2020, leaving the said Ella M. Waltz as sole survivor of said joint tenancy.

Bk 15800 Pg82 #39358

This property is conveyed subject to and with the benefit of any and all rights, easements privileges and appurtenances belonging to the granted estate.

Witness my hand and seal this 23rd day of November, 2020.

*Ella M. Waltz*
Ella M. Waltz

STATE OF MAINE
PENOBSCOT, ss.                                          November 23, 2020

Personally appeared the above named, Ella M. Waltz, and acknowledged the foregoing instrument to be her free act and deed.

Before me,                    *Theresa M. Johansen*
                              Notary Public/~~Attorney at Law~~

Print name:                   _____

THERESA M. JOHANSEN
Notary Public-Maine
My Commission Expires
February 11, 2027

Maine Real Estate Transfer Tax Paid
SUSAN F. BULAY, REGISTER
PENOBSCOT COUNTY MAINE E-RECORDED

PLAINTIFF'S
EXHIBIT
1

# NATIONAL GENERAL
### an *Allstate* company
PO Box 3199 ◦ Winston Salem, NC 27102-3199

| | |
|---|---|
| Policy Number: | |
| 2011284356 | |
| Named Insured: | |
| Katlyn Bailey | |
| kbailey@gmail.com | |
| Policy Period: | 12:01 AM |
| 2/4/2023 - 2/4/2024 | |
| Date of Notice: | 12/31/2022 |
| Policy Underwritten By: | |
| Integon National Insurance Company | |

Katlyn Bailey
11 Ash St
Millinocket, ME 04462-1801

24 Hour Claim Reporting: 1-888-325-1190
For Policy Information: 1-888-325-1190
www.NatGenPremier.com

9304656
Millinocket Insurance Agency
PO Box 60
Millinocket ME 04462
(207) 723-5461

**RESIDENCE PREMISES**
11 Ash St
Millinocket, ME 04462-1801

## ONECHOICE HOMEOWNERS POLICY DECLARATIONS

**TRANSACTION TYPE:**                   **PAYMENT TYPE:**
RENEWAL                                 MORTGAGEE BILLED

Dear Policyholder,

The MILLINOCKET INSURANCE AGENCY and NATIONAL GENERAL INSURANCE are pleased to present you with your homeowners renewal insurance policy.

A bill for your premium is being sent to your mortgagee separately requesting payment of the premium.

In the event of loss, call our toll free number 1-888-325-1190 for 24-hour claim reporting. Our dedicated professionals are ready to help 24 hours a day, seven days a week.

Thank you for letting us be of service and if you have any questions, please contact MILLINOCKET INSURANCE AGENCY at (207) 723-5461.

## MESSAGES

PLEASE REFER TO THE "IMPORTANT NOTICES" SECTION OF THIS POLICY FOR IMPORTANT INFORMATION CONCERNING THIS POLICY.

Your Coverage C Limit has been increased at no additional charge.

To keep pace with rising replacement costs, your property coverage limits have been upgraded.

SH DC 01 (01-04)                                          1

## BASIC POLICY COVERAGES

| SECTION I PROPERTY COVERAGES | | LIMITS OF LIABILITY |
|---|---|---|
| A. | DWELLING | $ | 225,228 |
| B. | OTHER STRUCTURES | $ | 22,523 |
| C. | PERSONAL PROPERTY | $ | 157,660 |
| D. | LOSS OF USE | $ | 45,046 |

### SECTION I DEDUCTIBLE
We will pay only that part of the total of all loss and expense payable under Section I that exceeds: $ 1,000

| SECTION II LIABILITY COVERAGES | | LIMITS OF LIABILITY |
|---|---|---|
| E. | PERSONAL LIABILITY – EACH OCCURRENCE | $ | 500,000 |
| F. | MEDICAL PAYMENTS TO OTHERS | $ | 4,000 |

### ADDITIONAL COVERAGES

Amendatory Mold Endorsement
  Section I Limit:$5,000

Water Backup
  Limit: $5,000
  Deductible: $500

## ATTACHMENTS

The following forms, endorsements and exceptions to conditions are part of the policy at time of issue. Please read them carefully.

| FORM NO. | EDITION DATE | TITLE |
|---|---|---|
| HO 3000 | 01 06 | HOMEOWNERS SPECIAL FORM |
| SH 01 18 | 08 17 | SPECIAL PROVISIONS MAINE |
| HO 04 90 | 10 00 | PERSONAL PROPERTY REPLACEMENT COST LOSS SETTLEMENT |
| HO 23 61 | 04 01 | LEAD POISONING EXCLUSION |
| SH 04 55 | 01 04 | IDENTITY FRAUD EXPENSE COVERAGE |
| SH 04 87 | 03 04 | AMENDATORY MOLD, FUNGI, WET ROT, DRY ROT, BACTERIA OR VIRUS ENDORSEMENT FOR USE WITH FORMS HO 3000 AND HO 6000 WITH UNIT-OWNERS COVERAGE A SPECIAL COVERAGE |
| SH 04 95 | 01 07 | WATER BACK-UP AND SUMP DISCHARGE OR OVERFLOW |
| SH 06 01 | 01 05 | IDENTITY THEFT RESOLUTION ASSISTANCE |
| SH 24 82 | 02 04 | PERSONAL INJURY |
| SH 26 56 | 01 07 | SECURITY PLUS ELITE ENDORSEMENT |

2

*u have chosen the Scheduled Personal Property Endorsement, please refer to that section which appears later in these policy declarations.*

## PREMIUM INFORMATION

| | |
|---|---|
| BASIC PREMIUM | $ 746 |
| ADDITIONAL COVERAGES | $ 107 |
| TOTAL PREMIUM | $ 853 |

## POLICY CREDITS

Included in the above premium are the following credits:

Insurance To Value Discount          Protective Device Discount

## MORTGAGEE/ADDITIONAL INSUREDS/ADDITIONAL INTEREST

Mortgagee
Katahdin Federal Credit Union ISAOA/ATIMA
1000 Central Street
Millinocket, ME 04462

## RATING INFORMATION

| RISK STATE | RATING TIER | OCCUPANCY | TERRITORY | TAX CODE | FAMILIES | CONSTRUCTION | YEAR |
|---|---|---|---|---|---|---|---|
| ME | 2 | PRIMARY | 4 | | 1 | FRAME | 1952 |

| FEET TO HYDRANT | MILES TO STATION | PROTECTION CLASS | BUILDING CODE GRADING | ROOF TYPE |
|---|---|---|---|---|
| 0 –500 Feet | 0-5 Miles | 5 | 99 | ASPHALT OR COMPOSITION SHINGLE |

| SOLID FUEL STOVE | RATING DATE |
|---|---|
| N/A | 12-31-2022 |

Includes Copyrighted Material of Insurance Services Office, Inc. with its permission
Copyright, Insurance Services Office, Inc. 1988-2024

## IMPORTANT NOTICES

SH DC 01 (01-04)                                      3

1



PATRICK E. HUNT, P.A.

ATTORNEY AT LAW

SEVEN SHERMAN STREET

POST OFFICE BOX 130

ISLAND FALLS, MAINE 04747-0130

PATRICK E. HUNT, ESQ.
MAINE BAR # 2707
FEDERAL BAR # 1466
MASS. BAR # 244550

Tel. 207-463-2285
Tel. 207-463-2939
Fax. 207-463-2226
Email: pat@patrickehuntpa..

November 6, 2024

Via First Class Mail

Office of Chief Legal Counsel
National General
Post Office Box 1623
Winston-Salem, North Carolina 27102-1623

In Re: Katlyn Bailey v. National General, Claim Number: 230943872

Dear Sir or Madam:

I represent Katlyn Bailey.

My client may bring claims against National General for:

**Count 1**
**Breach of Contract**

**Count 2**
**Maine Insurance Code**
Title 24-A, Maine Revised Statues Annotated, Section 12-A,
A civil penalty in the amount of $10,000.00.
Actual damages
Restitution

**Count 3**
**Trade Practices and Frauds**
Title 24-A, Maine Revised Statues Annotated, Section 2152,
Unfair methods: deceptive acts prohibited.

**Count 4**
**Violation of Unfair Claims Practices**
Title 24-A, Maine Revised Statutes Annotated, Section 2164-D

**Count 5**

*Interest on Overdue Payments*
Title 24-A, Maine Revised Statutes Annotated, Section 2436-(1).

## Count 6
**Defendant's Judgment Cost**
and
**Attorney's Fees**
Title 24-A, Maine Revised Statutes Annotated, Section 2436-B

## Count 7
**Unfair Claims Settlement Practices**
Title 24-A, Maine Revised Statutes Annotated, Section 2436-A
Damages
Costs
Attorney's fees
Interest at the rate of 1.5% per month

## Count 8
**Maine Unfair Trade Practices Act**
Title 5, Maine Revised Statutes Annotated, Section 205-A

1. Title 5, Maine Revised Statutes Annotated, Section 213(1) states:

> **1. Court action.** Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 may bring an action either in the Superior Court or District Court for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper. There is a right to trial by jury in any action brought in Superior Court under this section.

2. She is entitled to her actual damages, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(1); and

3. She is entitled to restitution, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(1); and

4. She is entitled to her attorneys' fees, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(2); and

5. She is entitled to her costs, pursuant to the provisions of Title 5, Maine Revised

Statutes Annotated, Section 213(2); and

6. Pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(5), the Clerk of Courts of Penobscot County Superior Court is required to provide a copy of the filed Complaint to the Attorney General of the State of Maine; and to the Insurance Commissioner of the State of Maine.

**Count 9**
**Punitive Damages**

**Count 10**
**Declaratory Judgment**
Title 14, Maine Revised Statutes Annotated, Section 5951

Pursuant to the provisions of Title 24-A, Maine Revised Statutes Annotated, Section 2164-E, would you please provide me with copies of all insurance policies issued by your company to the above mentioned person.

Please note that Title 24-A, Maine Revised Statutes Annotated, Section 2164-E, states:

> "Upon written request by a claimant or the claimant's attorney, an insurer doing business in the State shall provide the claimant or claimant's attorney with the liability coverage limits of that insurer's insured. The insurer must provide the liability coverage limits within 60 days of receipt of the written request."

> "An insurer who fails to comply with this section is subject to a penalty of $500.00, plus reasonable attorney's fees and expenses incurred in obtaining the liability coverage limits."

Thank you for your consideration.

Very truly yours,

Patrick E. Hunt
Attorney at Law

cc: Katlyn Bailey, via email
Martin McDonough, Maine State Adjuster, via email

3

## AUTHORIZATION TO RELEASE
## INSURANCE RECORDS

National General, is hereby authorized to allow Patrick E. Hunt, P.A., 7 Sherman Street, Post Office Box 130, Island Falls, Maine 04747, or any representative of its office; and Martin McDonough, Maine State Adjuster, Post Office Box 205, Medway, Maine 04460, to inspect and obtain copies of any and all insurance records from said insurance company regarding Katlyn Bailey.

A photocopy of the executed original of this Authorization is fully sufficient for the release of this information.

This Authorization shall remain in force and effect until revoked by it in writing.

DATED at Island Falls, Maine this 10th day of January, 2025.

Katlyn Bailey

STATE OF MAINE
AROOSTOOK, ss.                              January 10, 2025

Personally appeared the above named Katlyn Bailey, and acknowledged the foregoing instrument to be her free act and deed.

Before me,

Darcy L. Merry
Notary Public

DARCY L. MERRY
NOTARY PUBLIC
State of Maine
My Commission Expires
November 13, 2026

PATRICK E. HUNT, P.A. – Attorney at Law
P.O. Box 130 – Island Falls, Maine 04747 – TEL. (207) 463-2285 or (207) 463-2939 – FAX (207) 463-2226 – Email:
pat@patrickehuntpa.com

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Higgins, SIU Invest
Office of Chief Legal Counsel
National General
P.O. Box 1623
Winston-Salem, NC 27102

9590 9402 8527 3186 7443 44

2. Article Number (Transfer from service label)

7020 0090 0001 4650 9449

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Kristin Olsen
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

-1623

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Winston-Salem, NC 27102

| Certified Mail Fee | $4.85 |
|---|---|
| | $4.10 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $

Postage $

Total Postage and Fees $

Sent To Michael Haigh

Dept of Children & Families
National General

Street and Apt. No., or PO Box No. PO Box 1623

City, State, ZIP+4® Winston Salem NC 27102

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions



~~D STATES~~
~~AL SERVICE~~

ISLAND FALLS
1009 CRYSTAL RD.
ISLAND FALLS, ME 04747-9998
(800)275-8777

01/10/2025                        03:27 PM
-----------------------------------------
Product          Qty   Unit      Price
                       Price
-----------------------------------------
First-Class Mail®   1             $1.77
Large Envelope
    Winston Salem, NC 27102
    Weight: 0 lb 1.80 oz
    Estimated Delivery Date
        Tue 01/14/2025
    Certified Mail®              $4.85
        Tracking #:
            70200090000146509449
    Return Receipt              $4.10
        Tracking #:
            9590 9402 8527 3186 7443 44
    Affixed Postage             -$10.72
        Affixed Amount: $10.72
Total                            $0.00

-----------------------------------------
Grand Total:                     $0.00
-----------------------------------------
-----------------------------------------


Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
            1-800-222-1811.

        Preview your Mail
        Track your Packages
        Sign up for FREE @
    https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
        Thank you for your business.

    Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



    or call 1-800-410-7420.

-----------------------------------------

UFN: 223865-0747
Receipt #: 840-50400291-1-690988-2
Clerk: 01



### PATRICK E. HUNT, P.A.
ATTORNEY AT LAW
SEVEN SHERMAN STREET
POST OFFICE BOX 130
ISLAND FALLS, MAINE 04747-0130

PATRICK E. HUNT, ESQ.
MAINE BAR # 2707
FEDERAL BAR # 1466
MASS. BAR # 244550

Tel. 207-463-6285
Fax. 207-463-2226
Email: pat@patrickehuntpa.com

January 10, 2025

Via Certified Mail Return Receipt
#7020 0090 0001 4650 6851

Michael Higgins, SIU Investigator
Office of Chief Legal Counsel
National General
Post Office Box 1623
Winston-Salem, North Carolina 27102-1623

In Re: Katlyn Bailey v. National General, Claim Number: 230943872

Dear Mr. Higgins:

  As you know, I represent Katlyn Bailey.

  The attached Notice of Claim dated November 6, 2024, has been ignored by your company.

  In addition, the following request to provide a copy of all insurance policies issued by your company to my client has been ignored.

  Pursuant to the provisions of Title 24-A, Maine Revised Statutes Annotated, Section 2164-E, would you please provide me with copies of all insurance policies issued by your company to the above mentioned person.

  Please note that Title 24-A, Maine Revised Statutes Annotated, Section 2164-E, states:

    "Upon written request by a claimant or the claimant's attorney, an insurer doing business in the State shall provide the claimant or claimant's attorney with the liability coverage limits of that insurer's insured. The insurer must provide the liability coverage limits within 60 days of receipt of the written request."

    "An insurer who fails to comply with this section is subject to a penalty of $500.00, plus reasonable attorney's fees and expenses incurred in obtaining the liability coverage limits."

1

As my Notice of Claim reflects, Maine law provides for a significant penalties against insurers who engage in unfair claim and trade practices.

I am informed that your company has paid my client about $40,000.00.to date.

Martin McDonough, who is a Maine Public Adjuster, and retained by my client, tells me that the damages are at least $270,000.00.

Please make a check payable to Patrick E. Hunt, P.A. Trust Account in the amount of $230,000.00 will close this matter out, otherwise I will commence suit on February 10, 2025, with copies of all of the pleadings to the Attorney General of the State of Maine, and the Maine Insurance Commission.

Thank you for your consideration.

Very truly yours,

Patrick E. Hunt
Attorney at Law

cc:  Katlyn Bailey, in hand
     Martin McDonough, Maine State Adjuster, via email