UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| KAITLYN N. BAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL GENERAL INSURANCE COMPANY and INTEGON NATIONAL INSURANCE COMPANY,<br><br>    Defendants. | DOCKET NO: 1:25-cv-00571-SDN |

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND
OF DEFENDANTS, NATIONAL GENERAL INSURANCE COMPANY
AND INTEGON NATIONAL INSURANCE COMPANY**

Defendants National General Insurance Company and Integon National Insurance Company, by and through their attorneys, Morrison Mahoney LLP, submit the following Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint.

**JURISDICTION**

1. Without knowledge, calls for legal conclusion. The phrase "without knowledge" means that Defendants (1) lack sufficient knowledge to form a belief as to the truth or accuracy of the allegation, (2) therefore, deny such claim, and (3) leave Plaintiff to her proof.

**VENUE**

2. Without knowledge. Calls for legal conclusion.

**INTRODUCTORY STATEMENT**

3. Without knowledge.

4. Admitted.

5. Admitted.

6. Without knowledge.

104708719.v1

7. Without knowledge.

8. Without knowledge.

9. Without knowledge.

10. Admitted that National issued a homeowners' insurance policy to Plaintiff.

11. Admitted that Integon was the writing company of the homeowners' insurance policy issued to Plaintiff.

12. The statutory provision referred to in Paragraph 12 of the Complaint is a written document and speaks for itself.

13. Denied.

14. The statutory provision referred to in Paragraph 14 of the Complaint is a written document and speaks for itself.

15. Denied.

16. Admitted that the damages claimed in Paragraph 15 of the Complaint does not account for any partial or advance payments made by Defendants.

17. Defendants admit that they have denied coverage to Plaintiff due to her repeated failure to cooperate with the terms and conditions of the subject homeowners' insurance policy. As to the remainder of the claims contained in Paragraph 17 of the Complaint, denied.

18. Denied.

19. Without knowledge.

20. Admitted. By way of further response, the Notice of Claim is a written document and speaks for itself.

21. Denied.

22. Admitted. By way of further response, the Notice of Claim is a written document and speaks for itself.

23. Admitted.

24. Without knowledge.

25. Without knowledge.

26. Denied.

27. Admitted that Bailey provided to Defendants certain writings regarding her claimed losses.

28. Defendants admit that they have denied coverage to Plaintiff due to her repeated failure to cooperate with the terms and conditions of the subject homeowners' insurance policy. As to the remainder of the claims contained in Paragraph 28 of the Complaint, denied.

29. Without knowledge. Calls for legal conclusion.

30. Denied.

31. Denied.

## COUNT I
## (BREACH OF CONTRACT)

32. Defendants repeat and incorporate by reference their responses to Paragraphs 1-31 above.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any amount.

## COUNT II
## (UNFAIR CLAIMS PRACTICES)
### Title 24-A, Maine Revised Statutes Annotated, § 2164-D

33. Defendants repeat and incorporate by reference their responses to Paragraphs 1-32 above.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any amount.

## COUNT III
### (UNFAIR CLAIMS SETTLEMENT PRACTICES)
### Title 24-A, Maine Revised Statutes Annotated, § 2436-A

34. Defendants repeat and incorporate by reference their responses to Paragraphs 1-33 above.

35. Denied.

36. Denied.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any amount.

## COUNT IV
### (DECLARATORY JUDGMENT ACTIONS INVOLVING INSURANCE POLICIES)
### Title 24-A, Maine Revised Statutes Annotated, § 2436-B

37. Defendants repeat and incorporate by reference their responses to Paragraphs 1-36 above.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any amount.

## COUNT V
### (MAINE UNFAIR TRADE PRACTICES ACT)
### Title 5, Maine Revised Statutes Annotated, § 205-A

38. Defendants repeat and incorporate by reference their responses to Paragraphs 1-37 above.

39. Denied.

40. The statutory provision referred to in Paragraph 40 of the Complaint is a written document and speaks for itself.

41. Denied.

42. The statutory provision referred to in Paragraph 42 of the Complaint is a written document and speaks for itself.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Without knowledge. Calls for legal conclusion.

49. The statutory provision referred to in Paragraph 49 of the Complaint is a written document and speaks for itself.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any amount.

## AFFIRMATIVE DEFENSES

Without assuming any burden of pleading or proof that would otherwise resent on Plaintiff, Defendants state as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

Plaintiff has waived her right to recovery.

## THIRD DEFENSE

Defendants state that if Plaintiff proves she was damaged as alleged, said damages were caused by the intervening and/or superseding acts of third persons for which Defendants are not liable.

## FOURTH DEFENSE

Defendants state that no act or omission by them or their agents, employees or servants was a proximate cause of damages, if any, allegedly sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff has released Defendants from liability.

## SIXTH DEFENSE

Defendants dispute the nature, extent and effect of damages Plaintiff alleges to have sustained as a result of the alleged occurrence.

## SEVENTH DEFENSE

Defendants state that to the extent that they had any obligations to Plaintiff, such obligations have been fully, completely and properly performed in every respect.

## EIGHTH DEFENSE

Plaintiff's right to recovery is contractually limited.

## NINTH DEFENSE

The Complaint is barred by the applicable statute of limitations.

## TENTH DEFENSE

Plaintiff has failed to mitigate his damages and cannot recover.

## ELEVENTH DEFENSE

Plaintiff's claim for violation of 24-M.R.S.A. §2436-A must be dismissed because all actions taken by Defendants related to its handling of Plaintiffs' claim were based upon its good faith interpretation of the insurance policy and the claim as understood.

## TWELFTH DEFENSE

Plaintiff has no right to seek recovery against Defendants pursuant to 24-M.R.S.A. §2436-A because Defendants have acted reasonably at all times and in keeping with the laws and regulations of the State of Maine.

## THIRTEENTH DEFENSE

Plaintiff cannot recover attorneys' fees and increased interest against Defendants because they have not violated 24-M.R.S.A. §2436-A.

## FOURTEENTH DEFENSE

Defendants reserve the right to assert additional defenses as they become available or apparent in discovery.

## JURY DEMAND

Defendants demand a trial by jury as to all issues so triable.

Respectfully submitted,

/s/ *Brian A. Suslak*
Brian A. Suslak
Maine Bar No. 006316
bsuslak@morrisonmahoney.com
MORRISON MAHONEY LLP
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone:   603-622-3400
Fax:       603-622-3466
*NATIONAL GENERAL INSURANCE COMPANY and INTEGON NATIONAL INSURANCE COMPANY*

Date:   November 19, 2025